NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-2562

———————————

UNITED STATES OF AMERICA

v.

MONTEZ FREEMAN,
                                    Appellant

———————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-11-cr-00053-010)
District Judge: Honorable Terrence F. McVerry

———————————

Argued January 14, 2016

Before: McKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed: August 10, 2016)

Lisa B. Freeland
    Federal Public Defender
Renee Pietropaolo    (Argued)
    Assistant Federal Public Defender
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA   15222

        Counsel for Appellant

David J. Hickton
   United States Attorney
Michael Leo Ivory  (Argued)
   Assistant United States Attorney
Rebecca R. Haywood
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA  15219

      Counsel for Appellees

————————

OPINION[*]

————————

AMBRO, <u>Circuit Judge</u>

Montez Freeman appeals the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He contends that the Court improperly relied on a post-sentence report to conclude that, if he had not reached a plea agreement with the Government, he would have been designated as a career offender and subject to an enhanced mandatory minimum sentence. The Government responds that Freeman is not eligible for a § 3582(c)(2) reduction because his sentence is not based on the advisory Sentencing Guidelines, and we must consider this argument for the first time on appeal because it is a question of subject matter jurisdiction. For the reasons stated below, we vacate the District Court's order for lack of subject matter jurisdiction.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Although we conclude that it lacked jurisdiction to do so, the District Court entered a final order and we therefore have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

In March 2011, a federal grand jury indicted Freeman on the charge of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. Through his attorneys, Freeman negotiated a "C" plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed that Freeman would plead guilty to the lesser included offense of conspiracy to distribute 100 grams or more of heroin and that a sentence of 84 months' imprisonment was appropriate. Although the parties agreed to a fixed sentence, the agreement contained three stipulations regarding the Sentencing Guidelines: first, that Freeman was responsible for between 100 and 400 grams of heroin for purposes of U.S.S.G. § 2D1.1;[2] second, that Freeman should receive a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and a further one-level downward adjustment for doing so in a timely fashion pursuant to U.S.S.G. § 3E1.1(b); and third, that the agreed sentence was within the applicable Guidelines range. The Government also waived its right to file an information pursuant to 21 U.S.C. § 851 that would trigger an enhanced mandatory minimum sentence, and the parties agreed that no other enhancements, departures or variances from the agreed sentence were appropriate. At a combined change-of-plea and sentencing hearing held in March 2013, the District Court accepted Freeman's guilty plea and imposed the agreed sentence of 84 months' imprisonment.

A post-sentence report was later prepared for use by the Bureau of Prisons. The report stated that, absent the plea agreement, Freeman would have been designated as a

---

[2] U.S.S.G. § 2D1.1(c) contains the Drug Quantity Table, which provides the base offense level for crimes involving possession or distribution of a given quantity of drugs.

3

career offender pursuant to U.S.S.G. § 4B1.1.[3]  If Freeman had been designated as a career offender, his Guidelines range would have risen to 188-235 months.  The report also documented Freeman's 2003 conviction for possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  If the Government had not waived its right to file a § 851 information in the plea agreement, this conviction could have triggered an enhanced mandatory minimum sentence of 120 months per 21 U.S.C. § 841(b)(1)(B).

The United States Sentencing Commission subsequently issued Amendment 782, which reduces by two the base offense level provided by U.S.S.G. § 2D1.1 for most quantities of drugs.  *See United States v. Thompson*, --- F.3d ---, 2016 WL 3163078 at *3 (3d Cir. Jun. 7, 2016).  Amendment 782 applies retroactively to convictions based on the earlier version of § 2D1.1, allowing defendants to file sentence reduction motions under § 3582(c)(2).  *See id.*

Freeman filed such a motion in December 2014, and counsel was appointed to represent him.  Through his counsel, Freeman sought a reduction in his sentence to 68 months and the Government agreed that Freeman was eligible for consideration.  It nonetheless argued that a reduction was not warranted because Freeman had already received a lenient sentence in return for pleading guilty.

---

[3] Unless otherwise specified, all references to the Sentencing Guidelines are to the November 2012 Guidelines Manual, which was the edition of the Manual in effect when Freeman was sentenced.  *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

The District Court concluded that, although Freeman was "technically eligible" for a sentence reduction he should not receive one for the reasons given by the Government. Among other things, the Court reasoned that, absent the plea agreement, Freeman would have been designated as a career offender and subject to an enhanced mandatory minimum sentence. The Court also reasoned that the agreed sentence of 84 months was in any event an appropriate punishment for his crime. It thus denied Freeman's motion, and this appeal followed.

Although it conceded the issue in the District Court, the Government now challenges Freeman's eligibility for a § 3582(c)(2) reduction. Section 3582(c)(2) reads:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Convicted persons must therefore satisfy two requirements in order to be eligible for a sentence reduction: first, their sentence must be based on the Guidelines; and second, granting a reduction must be consistent with the applicable policy statements of the Sentencing Commission, here U.S.S.G. § 1B1.10.[4] *See United*

---

[4] It provides in pertinent part,

A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
(A) None of the amendments listed in subsection (d) is applicable to the defendant; or

*States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009).  If the defendant is eligible, the district court must determine whether a reduction is warranted in the defendant's particular case in light of the factors set forth in 18 U.S.C. § 3553(a).[5]  *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The Government contends for the first time on appeal that we must consider that Freeman's sentence is not based on the Guidelines because it is a question of subject matter jurisdiction.  It not only failed to challenge Freeman's eligibility for a sentence reduction in the District Court, but affirmatively represented to the Court that "[t]he United States agrees that this Court has the discretion to reduce defendant's sentence to 68 months' incarceration."  App. at 96.  Such a complete reversal of position would ordinarily be a clear waiver of the argument on appeal.  But as "every federal appellate

---

(B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).

[5] These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed … ;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines … ;
(5) any pertinent policy statement [of the Sentencing Commission] … [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (internal quotation marks omitted), arguments pertaining to the subject matter jurisdiction of any federal court to hear the case cannot be waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Thus, if the requirement that a defendant's sentence be based on the Guidelines is jurisdictional, we must consider the Government's argument that this bar is not satisfied despite its contrary representation to the District Court.

Our precedent is that the based-on-the-Guidelines requirement implicates the subject matter jurisdiction of district courts to hear a defendant's § 3582(c)(2) motion. "If a defendant fails to satisfy both requirements [of § 3582(c)(2)], a district court lacks jurisdiction to consider a sentence reduction." *Doe*, 564 F.3d at 309. The *Doe* court went on to hold that "§ 3582(c)(2) creates a jurisdictional bar" to sentence-reduction motions inconsistent with § 1B1.10. *Id.* at 315. In *United States v. Weatherspoon*, 696 F.3d 416 (3d Cir. 2012), we expressly held that the based-on-the-Guidelines requirement was jurisdictional as well, concluding that "[the defendant's] sentence was not 'based on' the Guidelines and the District Court lacked jurisdiction to reduce his sentence under 18 U.S.C. § 3582(c)(2)." *Id.* at 425. Although there appears to have been procedural confusion – in both *Doe* and *Weatherspoon*, we affirmed the denial of a sentence reduction on the merits rather than vacating the district court's order for lack of jurisdiction – our holding in *Weatherspoon* makes clear that district courts lack subject

7

matter jurisdiction to hear a § 3582(c)(2) motion when the defendant's sentence is not based on the Guidelines.[6]

We acknowledge authority from our sister circuits to the effect that § 3582(c)(2)'s two eligibility requirements are not jurisdictional, particularly the Seventh Circuit's thoughtful opinion in *United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015). It is the practice of our Circuit, however, that precedential opinions are binding on subsequent panels unless they are contrary to Supreme Court precedent. *See* 3d Cir. I.O.P. 9.1 (2015); *see also United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009). Although the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), requires a clear statement of Congressional intent in order to treat a statute's requirements as jurisdictional, *see id.* at 515-16, that Court "has not addressed th[e] precise question" of whether § 3582(c)(2)'s requirements are jurisdictional. *Taylor*, 778 F.3d at 671. Moreover, both *Doe* and *Weatherspoon* were decided after *Arbaugh*, and *Weatherspoon* specifically cited *Arbaugh*'s clear-statement rule. *See Weatherspoon*, 696 F.3d at 421. We thus remain bound to conclude that Freeman's sentence must be based on the Guidelines in order to confer subject matter jurisdiction on the District Court to hear a § 3582(c)(2) motion.

---

[6] Freeman appears to argue that the *Weatherspoon* Court did not consider the jurisdictional status of the based-on-the-Guidelines requirement and merely held that § 3582(c)(2) did not impose a jurisdictional bar to successive sentence reduction motions. This is not the case. After concluding that there was no jurisdictional bar to successive motions, *Weatherspoon* stated that "[o]ur jurisdictional inquiry is not at an end, however," *see id.* at 422, and went on to hold that the District Court lacked jurisdiction because the defendant's sentence was not based on the Guidelines. *See id.* at 425.

We therefore consider the argument made by the Government that Freeman's sentence is not based on the Guidelines. It asserts that our decision in *Weatherspoon* establishes this because, as in that case, Freeman's plea agreement merely contains a drug quantity stipulation for purposes of U.S.S.G. § 2D1.1 without stating the Guidelines range, total offense level, or criminal history category. Although the Government has raised the issue, Freeman bears the burden to prove that his plea agreement is based on the Guidelines. *See Weatherspoon*, 696 F.3d at 423. In determining whether he has met his burden, our inquiry is limited to the four corners of the plea agreement. *Id.* at 422.

As noted, in *Weatherspoon* the defendant's C plea agreement contained a drug quantity stipulation and we concluded that the resulting sentence was not based on the Guidelines. We reasoned that when the defendant agrees to a fixed sentence rather than a Guidelines range in a C plea, he must demonstrate that the plea agreement "both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence" in order to prove that the resulting sentence is Guidelines-based. *Id.* at 423. Defendants may demonstrate that the plea agreement identifies a Guidelines range by showing that: the plea agreement expressly states a Guidelines range; the agreement states the total offense level and the criminal history category; or the total offense level and criminal history category are "evident from the agreement itself" even if they are not expressly stated. *See id.* at 424. As in this case, Weatherspoon's plea agreement contained a drug quantity stipulation for purposes of U.S.S.G. § 2D1.1, but did not state the Guidelines range, total offense level, or criminal history category. *See id.* at 418. This meant that Weatherspoon's criminal history

9

category could not be determined from his plea agreement and his Guidelines range could not be calculated. *Id.* at 424. Weatherspoon therefore could not meet his burden to show that his plea agreement identified a Guidelines range, and we held that his sentence was not based on the Guidelines. *See id.* at 424-25.

Despite the striking similarities between Freeman's plea agreement and Weatherspoon's, Freeman contends that he can meet his burden of proof by working backward from the provision in his plea agreement that the agreed sentence is within the Guidelines range. He reasons that his plea agreement contains sufficient information to determine his total offense level: the stipulation that he was responsible for 100 to 400 grams of heroin yields a base offense level of 26 under the pre-amendment version of U.S.S.G. § 2D1.1, and the stipulation regarding acceptance of responsibility reduces his total offense level to 23. Freeman then urges us to determine what Guidelines range is consistent with a total offense level of 23 and a sentence of 84 months' imprisonment.

Even assuming that working backwards in this fashion does not take us too far from the four corners of the plea agreement, it still fails to identify a particular Guidelines range on which the sentence is based. With a total offense level of 23, the agreed sentence of 84 months is consistent with two different Guidelines ranges: 70 to 87 months and 84 to 105 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). Freeman therefore fails to demonstrate that his plea agreement identifies a Guidelines range, and we conclude that his sentence is not based on the Guidelines.[7]

_____

[7] Freeman also points to the transcript of the March 2013 hearing as evidence that the parties and the District Court understood the Guidelines range to be 70 to 87 months.

As a result, the District Court was without subject matter jurisdiction to hear Freeman's motion for a sentence reduction, and we are consigned to vacate its order.

As our inquiry is limited to the plea agreement, *see Weatherspoon*, 696 F.3d at 422, we may not consider the transcript for this purpose.